USCA1 Opinion

 

 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 93-1230 FDIC, FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF VANGUARD SAVINGS BANK, Plaintiff, Appellant, v. PAUL KEATING, INDIVIDUALLY; PAUL F. KEATING AS TRUSTEE OF THE PJ THREE REALTY TRUST AND OF THE FOUR "K" TRUST; LUCILLE SAMSON AS TRUSTEE OF THE KELLOGG REALTY TRUST; LUCILLE SAMSON AND PAULA J. KEATING AS TRUSTEES OF THE 111 ALLEN AVENUE REALTY TRUST; AND VICTORIA MUTUAL LIMITED PARTNERSHIP, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Stahl, Circuit Judge, _____________ Rosenn,* Senior Circuit Judge, ____________________ and Campbell, Senior Circuit Judge. ____________________ ____________________ Daniel H. Kurtenbach, with whom Ann S. Duross, Assistant General _____________________ ______________ Counsel and Richard J. Osterman, Jr., Senior Counsel, were on brief _________________________ for appellant. Philip D. Moran for appellees. _______________ ____________________ December 29, 1993 ____________________ ____________________ *Of the Third Circuit, sitting by designation. Per Curiam. In this appeal, plaintiff-appellant ___________ Federal Deposit Insurance Corporation (FDIC) asserts that the district court erred when it determined that 12 U.S.C. 1819(b)(2)(B) (1988 & Supp. IV 1992) does not allow removal of a state court proceeding to federal district court during the pendency of a state appeal and after the window for post- judgment relief has closed. See generally FDIC v. Keating, ___ _________ ____ _______ 812 F. Supp. 8 (D. Mass. 1993). We reverse and remand. I. I. __ BACKGROUND BACKGROUND __________ On February 15, 1990, Vanguard Savings Bank (Vanguard) filed suit in Massachusetts state court against Paul F. Keating and several other individuals and entities to collect on a promissory note signed by Keating. After Vanguard foreclosed on the property securing the note, the case was tried and, on November 18, 1991, the state court entered a deficiency judgment. The parties did not file any motions for post-judgment relief. On December 11, 1991, defendants nevertheless filed a notice of appeal. On March 27, 1992, the Massachusetts bank commissioner declared Vanguard insolvent. On May 13, 1992, the FDIC, having been confirmed as liquidating agent, was substituted into the state court case as receiver of Vanguard. On August 10, 1992, the FDIC timely removed the -2- 2 case to the United States District Court for the District of Massachusetts. See 12 U.S.C. 1819(b)(2)(B). ___ Because no motions for post-judgment relief were pending (nor were any filed after removal), the district court found itself in the somewhat anomalous position of receiving a case that was solely appellate in nature. After a hearing at which the district court questioned its jurisdiction over the case, the court remanded the proceeding to state court. Relying on the dissent in In re Meyerland ________________ Co., 960 F.2d 512, 522-26 (5th Cir. 1992) (en banc), cert. ___ _____ denied, 113 S. Ct. 967 (1993), the district court held that ______ 12 U.S.C. 1819(b)(2)(B) does not allow removal when a state appeal is pending. The court further held that, in any event, it lacked jurisdiction because (1) the time for filing post-judgment motions under both state and federal rules of procedure had elapsed;1 (2) the court's original ____________________ 1. The district court's finding on the unavailability of post-judgment relief is not challenged on appeal and we therefore decline to review this aspect of its decision. We note, however, that at least two circuits have suggested that, even if post-judgment relief is no longer possible under state procedural rules, the time period for such relief under the federal rules begins on the date of removal. See ___ Jackson v. American Sav. Mortgage Corp., 924 F.2d 195, 199 & _______ _____________________________ n.9 (11th Cir. 1991) ("[E]ven if state procedural rules contain a Rule 59-type motion . . . and removal occurs during the running of the time for such a motion or after the time for such a motion has run, a party would still have ten days after removal to file a Rule 59 motion in federal district court."); Resolution Trust Corp. v. Nernberg, 3 F.3d 62, 68 _______________________ ________ (3d Cir. 1993) (noting similarity between Resolution Trust and FDIC removal statutes and establishing circuit rule that "[i]n all cases removed to the district court after judgment -3- 3 jurisdiction does not include mere processing of a state judgment for federal appeal; and (3) a district court cannot exercise appellate jurisdiction over a state trial court. Pursuant to 12 U.S.C. 1819(b)(2)(C) (Supp. IV 1992), the FDIC brought this appeal. See Demars v. First Serv. Bank for ___ ______ ____________________ Sav., 907 F.2d 1237, 1241 (1st Cir. 1990) (noting that ____ section 1819(b)(2)(C) creates an exception to the general rule against appellate review of remand orders). II. II. ___ DISCUSSION DISCUSSION __________ Our review of a district court's interpretation of a statute, a pure question of law, is plenary; however reasonable the district court's decision, we are free to exercise our independent judgment. See United States v. ___ _____________ Barker Steel Co., Inc., 985 F.2d 1123, 1125-26 (1st Cir. ________________________ 1993). In so doing, we must first decide whether 12 U.S.C. 1819(b)(2)(B) permits removal of cases already tried and awaiting appeal in state court. If so, we must then determine the proper role of the district court when post- judgment relief is no longer available. 1. Removal 1. Removal ___________ ____________________ has been entered by a state court, the parties may, within thirty days of the date the case is docketed in the district court, file motions to alter, modify, or open the judgment."). -4- 4 Both the plain language of the statute and circuit precedent support removal in this case. Congress authorized the FDIC to "remove any action, suit or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party." 12 U.S.C. 1819(b)(2)(B). While post-judgment removal may not be the statutory norm, Congress did not limit removal in this instance to any particular phase of a state court proceeding. Cf. 12 U.S.C. 632 (1988 & Supp. IV 1992) (limiting removal ___ by Federal Reserve member bank to "anytime before the trial"). Nor may the judicial branch impose such a limiting interpretation where, as here, the statutory language is unambiguous on its face and the result is not "demonstrably at odds with the intentions of its drafters." Griffin v. _______ Oceanic Contractors, Inc., 458 U.S. 564, 571 (1982). See __________________________ ___ also Estate of Kaw v. Commissioner, Me. Dep't of Human ____ _______________ ___________________________________ Servs., 951 F.2d 444, 445 (1st Cir. 1991) ("`When we find the ______ terms of [a] statute unambiguous, judicial inquiry is complete except in rare and exceptional circumstances.'") (quoting Rubin v. United States, 449 U.S. 424, 430 (1981) and _____ _____________ Paris v. Department of Hous. & Urban Dev., 843 F.2d 561, 569 _____ ________________________________ (1st Cir. 1988)). -5- 5 In any event, we believe that the result in this case is controlled by our recent decision in Putnam v. ______ DeRosa, 963 F.2d 480 (1st Cir. 1992). In Putnam, after the ______ ______ completion of a state trial and the filing of a notice of appeal,2 the National Credit Union Administration (NCUA) became conservator for one of the defendants and removed the case to federal court. See id. at 483. In noting that "[a] ___ ___ special statute [12 U.S.C. 1789(a)(2) (1988)] gives [NCUA] the right to bring this appeal in federal court," we also had occasion to observe that section 1789(a)(2) is similar to section 1819(b)(2). Id. We continue to be impressed by the ___ mutual resemblance of the two removal statutes, and conclude that section 1819(b)(2) gives FDIC the right to remove this case to federal court. Perhaps, as the district court opined, removal of a state appellate proceeding is offensive to state courts and unnecessary for the achievement of legislative goals.3 Indeed, we are not as confident as the Eleventh Circuit that "Congress itself has weighed interests of federalism and comity" in granting appellate removal power to the FDIC. In __ ____________________ 2. Our research confirms that a state notice of appeal was filed in Putnam despite the omission of this fact from our ______ published opinion in that case. 3. The type of reflexive removal apparent in this case strikes us as particularly wasteful of scant economic and judicial resources. After all, the FDIC's predecessor was fully victorious at trial and received all the relief sought. -6- 6 re Savers Fed. Sav. & Loan Ass'n, 872 F.2d 963, 966 (11th __________________________________ Cir. 1989) (per curiam) (analyzing predecessor to current FDIC removal statute). Nevertheless, Congress has clearly stated in section 1819(b)(2) that "any action, suit or proceeding" is removable. Accordingly, we join with every other circuit that has addressed the statutory language at issue in holding that the pendency of a state appeal does not bar removal under 12 U.S.C. 1819(b)(2). Accord In re ______ ______ Meyerland Co., 960 F.2d at 517; In re Savers Fed. Sav. & Loan _____________ _____________________________ Ass'n, 872 F.2d at 966; cf. Nernberg, 3 F.3d at 67 (holding _____ ___ ________ that 12 U.S.C. 1441a(l)(3)(A) (Supp. IV 1992), the removal _ statute for Resolution Trust Corporation, identical in relevant part to the FDIC removal provision, allows removal while state appeal is pending); Lester v. Resolution Trust ______ ________________ Corp., 994 F.2d 1247, 1251-52 (7th Cir. 1993) (same); In re _____ _____ 5300 Memorial Investors, Ltd., 973 F.2d 1160, 1162 (5th Cir. _____________________________ 1992) (same); Ward v. Resolution Trust Corp., 972 F.2d 196, ____ ______________________ 198 (8th Cir. 1992) (similar), cert. denied, 113 S. Ct. 1412 _____ ______ (1993). 2. The Role of the District Court 2. The Role of the District Court __________________________________ Where, as in this appeal, post-judgment relief is no longer available,4 the district court shall adopt the ____________________ 4. Without deciding the question, we assume that, following removal, a district court could entertain timely motions for post-judgment relief despite the fact that the trial took place elsewhere. Cf. Nernberg, 3 F.3d at 68 (allowing ___ ________ district court to accept motions to alter, modify or open the -7- 7 decision of the state court as its own, prepare the record as required for appeal, and forward the case to the federal appeals court for review. Accord In re Meyerland, 960 F.2d ______ ________________ at 520.5 Echoing the district court's memorandum, defendants suggest that the minimal nature of this clerical role for the district court indicates the absence of a "case or controversy," a necessary predicate to the exercise of federal jurisdiction under Article III of the Constitution. See, e.g., Vote Choice, Inc. v. DiStefano, 4 F.3d 26, 36 (1st ___ ____ _________________ _________ Cir. 1993). We find this argument unpersuasive. Despite the lack of post-judgment motions for the district court to decide, this case arrives at the federal doorstep with "`questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process.'" Santa Maria v. Owens-Illinois, Inc., 808 ___________ ____________________ F.2d 848, 851 n.5 (1st Cir. 1986) (quoting Flast v. Cohen, _____ _____ 392 U.S. 83, 95 (1968)). A contested appeal of a state court decision is clearly a "case or controversy" amenable to ____________________ state court judgment). 5. In theory, a party need not file a second notice of appeal in federal court if the original notice of appeal was adequate in the state court system. In re Meyerland, 960 ________________ F.2d at 520 (citing Granny Goose Foods, Inc. v. Brotherhood _________________________ ___________ of Teamsters, 415 U.S. 423, 435-36 (1974)). In practice, a ____________ party should do so as filing an additional notice of appeal would facilitate the administrative processing of the case in the federal system. -8- 8 judicial intervention. The jurisdictional boundaries of Article III -- which does not itself create distinctions among the "inferior Courts" to be established by Congress -- do not prevent a bona fide dispute from reaching a federal appeals court simply because the district court's role is limited by the awkward posture of a case removed during the pendency of a state appeal. III. III. ____ CONCLUSION CONCLUSION __________ For the foregoing reasons, we reverse the judgment of the district court, vacate the order remanding the case to the state court, and remand the case to the district court for proceedings consistent with this opinion. So ordered. So ordered __________ -9- 9